NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos:  02-2168/03-1528
_____

UNITED STATES OF AMERICA,

v.

AHMED WALKER,
a/k/a Amelios,
a/k/a Ammo


Ahmed Walker,
    Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 00-cr-00300)
District Judge: Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
on September 28, 2004

Before: ROTH, BARRY and GARTH, Circuit Judges

(filed: June 27, 2005  )

OPINION

ROTH, Circuit Judge:

This case concerns Ahmed Walker's direct appeal from convictions arising from a seven count second superseding indictment issued on August 8, 2001. The indictment charged Walker as follows: count 1 -- conspiracy to possess, use, carry, brandish, and discharge firearms in furtherance of and during and in relation to drug trafficking, 18 U.S.C. § 924(c)(1)(A) (I), (II), (III) and § 924(o); count 3 -- possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A) and § 924(c)(1)(C)(I); count 4 -- possessing, using, carrying, brandishing, and discharging a firearm in furtherance of drug trafficking and during and in relation to drug trafficking, 18 U.S.C. § 924(c)(1)(A)(I), (II), (III) and § 924(c)(1)(C)(I); count 5 -- criminal conspiracy to distribute and possess with the intent to distribute controlled substances, 21 U.S.C. § 846; and count 6 -- distribution and possession with intent to distribute controlled substances, 21 U.S.C. § 841(a)(1). Although the government brought a seven count indictment, Ahmed Walker was only charged in counts 1 through 6. Count 2 was dropped by the government. Additionally, with regard to counts 2, 3, 4 and 6, the government also charged under 18 U.S.C. § 2. Walker was convicted on counts 1, 3, 4, 5, and 6. Afterwards, he was sentenced. Walker challenges his conviction and sentencing. This appeal followed.

For the reasons stated below, we will affirm Walker's conviction, vacate his

sentence, in part, and remand for a resentencing consistent with United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005).

### I. Factual Background and Procedural History

As the facts are well known to the parties, we give only a brief description of the facts and procedural posture of the case.

The underlying events of this case involved a July 18, 2000, gunfight in Lebanon, Pennsylvania, and other events over the course of July 2000. The government alleged that the gunfight arose from disputes among those trafficking in drugs. Walker was indicted for the crimes described above. A jury was empaneled and on February 28, 2002, the jury returned guilty verdicts against Walker on all counts, i.e., counts 1, 3, 4, 5, and 6. Walker filed a post-trial motion for a new trial. This motion was denied.

Walker was sentenced as follows: 240 months on count 1, and 321 months on each of counts 5 and 6 -- with all three sentences running concurrently, 60 months on count 3 (running consecutively with counts 1, 5, and 6), and 300 months on count 4 (running consecutively with counts 1, 3, 5 and 6). The total term for which he was to be imprisoned following sentencing was 681 months.

The District Court's sentencing determinations made use of facts not charged in the indictment and not found by the jury. Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), Walker objected at the time of sentencing and has again asserted this issue here

on direct appeal. On this ground, Walker challenges the sentences imposed under counts 1, 5 and 6. Additionally, Walker argues that the evidence is insufficient to support his conviction on count 4. Walker argues that in applying the Sentencing Guidelines, the District Court mistakenly included a juvenile conviction. Lastly, Walker argues that although he made a timely objection at trial against government witnesses using his nickname "Ammo," his objection was denied, and the use of his nickname was sufficiently prejudicial requiring reversal of his convictions on counts 1, 3, and 4.

## II. Jurisdiction and Standards of Review

We have jurisdiction to consider the appeals of Walker's convictions and the sentences imposed. See 28 U.S.C. §1291 and 18 U.S.C. § 3742(a).

In Booker, the Supreme Court of the United States held that courts of appeals should review district court departures from the sentencing guidelines under a reasonableness standard. Booker, 125 S. Ct. at 765 (Breyer, J.).[1] However, that standard of review was limited to appellate review following resentencing after sentences are first vacated because they mistakenly applied pre-Booker law in contravention to the Sixth

---

[1] The United States Supreme Court's Booker decision indicated that the "reasonableness standard" applied not merely to appellate review of district court departures from the guidelines, but rather, this standard applied "across the board" to all appellate review of district court guidelines determinations. Booker, 125 S. Ct. at 765 (Breyer, J.); id. at 767 ("The courts of appeals review sentencing decisions for unreasonableness.").

Amendment as understood post-Booker.² Id. at 769 (Breyer, J.) (holding that "if the sentence comes before the Court of Appeals for review [after district court resentencing], the Court of Appeals should apply the review standards set forth in this opinion."). In this circuit, it is now established policy that sentences applying pre-Booker law are vacated if the defendant objected at trial or at sentencing and reasserted the argument on appeal. See United States v. Ordaz, 398 F.3d 236, 239 (3d Cir. 2005) (holding that, in light of Booker decision, a Booker issue argued but rejected by the district court pre-Booker and preserved on appeal "is best determined by the District Court in the first instance [on remand]").³ Likewise, sentences applying pre-Booker law are generally vacated if the Booker claim is made for the first time on direct appeal. See United States v. Davis, 407 F.3d 162, 165-66 (3d Cir. 2005) (en banc) (ordering remand for resentencing because a Booker claim, rooted in the Sixth Amendment or in the mistaken belief that the United States Sentencing Guidelines were mandatory, first asserted on appeal is plain error); see

---

² We, of course, imply no criticism of the District Judge, who followed the law and procedure in effect at the time of Walker's sentencing.

³ The Davis court noted, apparently in dictum, that "[w]here a defendant preserved a Booker claim before the district court, we will review for harmless error under Fed. R. Crim. P. 52(a)." United States v. Davis, 407 F.3d 162, 164 n.2 (3d Cir. 2005) (en banc). But see United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 769 (Breyer, J.) ("It is also because, *in cases not involving a Sixth Amendment violation*, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine.") (emphasis added). With regard to Freddie J. Booker's Sixth Amendment claim, it appears that neither the Supreme Court of the United States nor the Seventh Circuit (in prior proceedings) applied harmless error doctrine, but rather both remanded as a matter of right.

also Griffith v. Kentucky, 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final . . ..").

With respect to Walker's sufficiency of the evidence claim, we "must sustain the verdict of a jury if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the jury's decision."  See United States v. Carr, 25 F.3d 1194, 1201 (3d Cir. 1994) (quoting United States v. Casper, 956 F.2d 416, 421 (3d Cir.1992)).

Lastly, with regard to the District Court's decision to admit certain evidence -- the use of Walker's nickname "Ammo" by government witnesses -- "[we] review . . . a district court's ruling to admit or exclude evidence, if premised on a permissible view of the law . . . only for an abuse of discretion."  See United States v. Sokolow, 91 F.3d 396, 402 (3d Cir. 1996).

### III. Discussion

**A. Walker's Apprendi/Booker Claim.**

In Walker's opening brief, he makes an Apprendi argument (Booker in supplemental briefing) with regard to his sentencing under counts 5 and 6.  The jury's verdict form for each count convicted him of the two alleged crimes and specifically found with regard to each count that the quantity of cocaine base involved was 50 grams or more.  At sentencing, the District Judge made use of findings involving other drugs

and amounts of cocaine base the jury did not expressly pass upon. We agree that this was plain error under Booker and vacate the sentence for counts 5 and 6. See Davis, 407 F.3d at 164 (ordering resentencing as plain error if the district court engaged in judicial fact finding and concomitantly "imposed a sentence greater than the maximum authorized by the facts found by the jury alone").

In supplemental briefing, Walker asserts for the first time an Apprendi/Booker violation of his Sixth Amendment rights with regard to Count 1. In the District Court's sentencing proceedings, the District Judge, following the Sentencing Guidelines, grouped counts 1, 5, and 6 together. With regard to counts 5 and 6, the judge used a criminal history category of II and an offense level of 38. This provided a range of 262 to 327 months, where the statutory maximum for each count was life imprisonment. With regard to counts 5 and 6, the judge sentenced Walker to 321 months on each count running concurrently, an amount less than the statutory maximum, but within the guidelines. With regard to count 1, however, the judge sentenced at the statutory maximum: 240 months -- an amount less than that provided for under the applicable guidelines range. As explained above, on remand, the District Court will redetermine the applicable guidelines range for counts 5 and 6. Such a redetermination may equally apply to count 1. And such a redetermination might very well lead to a guidelines range below the 240 month statutory maximum. Given that the three counts were originally grouped together, and given that the judge believed that she was without any discretion to sentence anywhere but at the

7

statutory maximum for count 1 (because the guidelines range exceeded the statutory maximum), we agree with Walker and vacate the sentence for count 1 as plain error.[4] See Davis, 407 F.3d at 166 (ordering resentencing as plain error if the district court acted in the mistaken belief that the United States Sentencing Guidelines were mandatory).

**B. Walker's Remaining Legal Claims.**

We deal with the remaining claims summarily.

Walker has taken the position that there is a "lack of any evidence of drug trafficking crimes during [the relevant] period." Therefore count 4 should be overturned for insufficient evidence. We disagree.

The jury heard the following colloquy:

| | |
|---|---|
| Government: | After the Lebanon Village shooting, which was July 18th of 2000, did you have a conversation with Ahmed Walker about that shooting? |
| Sills: | Yes, I talked to him before about it. |
| Government: | When you talked to Ahmed Walker about that shooting, what did he tell you? |

---

[4] Similarly, before sentencing, Walker objected to the Presentence Report's enhancement for a leadership role. This argument was brought to our attention only in a supplemental brief. Cf. Davis, 407 F.3d at 165 ("Booker applies to all cases pending on direct review."). It was not put forward in Walker's opening brief. Because we have vacated the sentences for counts 1, 5, and 6, this court need not and does not pass upon whether the leadership role enhancement is itself a Booker violation. More importantly, before ruling on such a question, we would have the benefit of a post-Booker opinion of the District Court addressing this precise question on these specific facts in the first instance. Cf. Davis, 407 F.3d at 165 ("[W]e would be usurping the discretionary power granted to the district courts by Booker if we were to assume that the district court would have given [defendant] the same sentence post-Booker.") (quoting United States v. Oliver, 397 F.3d 369, 380 n.3 (6th Cir.2005)).

| | |
|---|---|
| Sills: | He told me that it happened over an argument. |
| Government: | An argument about what? |
| Sills: | Drug territory. |
| | .... |
| Government: | What did he tell you he did during that shootout. |
| Sills: | He said he was shooting at the other people. |

This and other evidence in the record is enough to sustain the jury's conviction on count 4.

Walker argues that in applying the Sentencing Guidelines, the District Court mistakenly included a juvenile conviction. Specifically, Walker's brief argues the conviction gave rise to "a rehabilitation program, with anger management classes ... for its participants and was only a limited security program. No evidence was offered to rebut this." Walker cites no specific guideline or statute that the District Court misinterpreted or applied. We understand him to mean that the District Court erred in assessing two criminal history points for this 1997 conviction because the conviction did not give rise to actual confinement. See U.S.S.G. §§ 4A1.1, 4A1.2. This position is refuted by Defendant's and his attorney's admissions. The following colloquy took place at sentencing:

| | |
|---|---|
| Defendant's Attorney: | Was it locked doors? |
| Defendant: | Yes, limited security I guess. |
| Defendant's Attorney: | It was secured. |

Neither in proceedings before the District Court nor before us has Walker expressly asserted that he was not confined for his 1997 conviction. This claim has no merit; the District Court's determination was not unreasonable. See also Ordaz, 398 F.3d at 241

9

("[W]e hold that the District Court's determination regarding the facts of Ordaz's prior convictions did not violate the Sixth Amendment, notwithstanding that the sentence was based, in part, on facts found by a judge rather than a jury.").

Lastly, Walker argues that the District Court's denial of his motion in limine, thereby allowing witnesses (and the government) to refer to him by his nickname "Ammo," was sufficiently prejudicial warranting reversal on counts 1, 3, 4. We see no error or abuse of discretion. Nor does Walker argue that witnesses were making use of a nickname not known to them at the time of the underlying events (or the events about which they were testifying), but learned for the first time in anticipation or in preparation for trial or revealed to them for the first time by the government. Here, where Walker's nickname was the name witnesses were actually familiar with, it is tied to the task of properly identifying the alleged criminal. With regard to identification, witnesses must be allowed to tell the facts they actually know, and to identify the witness by the name they knew. Cf. Old Chief v. United States, 519 U.S. 172, 189 (1997) ("A party seemingly responsible for cloaking something has reason for apprehension, and the prosecution with its burden of proof may prudently demur at a defense request to interrupt the flow of evidence *telling the story in the usual way*.") (emphasis added).

## IV. Conclusion

For the reasons stated above, we will affirm Walker's conviction on all counts,

vacate his sentence with regard to counts 1, 5, and 6, and remand for a resentencing consistent with <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005).