IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :    CRIMINAL NO. 1:CR-00-300-03
                               :
                               :
              v.               :
                               :
                               :
AHMED WALKER                   :


**ADMINISTRATIVE ORDER WITH NOTICE OF
LIMITATIONS ON FILING OF MOTIONS
UNDER 28 U.S.C. § 2255**

TO THE DEFENDANT/ PETITIONER:

        The court has received a filing from you which you have titled "Motion
Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in
Federal Custody." This filing presents grounds attacking your conviction or the
sentence imposed or both.

        The purpose of this notice is to inform you of limitations upon your
right to file a motion under section 2255 in the future if you decide to move forward
with your petition.

        The eighth paragraph of section 2255 bars second or successive
motions unless there are exceptional circumstances and the defendant has obtained
permission to file another 2255 motion from the appropriate court of appeals. This
means that if your current filing is rejected on the merits, you no longer have the
right to simply file another 2255 motion in this court raising other grounds for relief,
even if you are attempting to raise grounds that you did not think of before
submitting the current filing.

Instead, you would have to move in the court of appeals for a certificate allowing you to file a second 2255 motion.  Further, the grounds upon which you could rely to obtain that certificate, and proceed with a second 2255 motion, are limited to two extremely rare circumstances: (1) newly discovered evidence, that is, evidence that was not available to you at the time you were convicted; or (2) a new rule of constitutional law  that was previously unavailable to you and is made retroactive to cases on collateral review by the Supreme Court.

Because these grounds are so limited, in most cases they will result in the denial of approval to file a second or successive 2255 motion, thereby barring the litigation on grounds that had not been presented in the first 2255 motion.

Thus, if you decide you want the court to proceed with your current filing, you should carefully consider whether the filing raises all the grounds for relief from your conviction.  If you think it may not, you may want to withdraw it before the court considers it.  The court will allow you to do this now without prejudice to your right, after you have given your case more thought, to file a revised § 2255 petition.

If you do decide to withdraw your current filing with the intent of filing a comprehensive 2255 motion in the future, you are also advised that the sixth paragraph of section 2255 sets forth a one-year statute of limitations for filing a 2255 motion.  You should look at the sixth paragraph for when this period starts to run but, generally, it begins to run from the date your conviction became final.

The date your conviction became final depends on the particular procedural history of your case.  If  you did not take a direct appeal, the period would begin to run ten days from the date you were sentenced.  If you did take a

2

direct appeal, the period would begin to run 90 days after the court of appeals entered its judgment.  If you did seek certiorari, the period would begin to run from the date the Supreme Court denied certiorari or affirmed the conviction and sentence.  In addition, this court advises you that if you dismiss the instant petition in order to file one all-inclusive petition, the AEDPA's statute of limitations might bar the filing of such successive petition.

You, the defendant, are hereby advised that you have the following options:

1)    You may have your filing ruled upon as submitted; or

2)    You may withdraw your filing without prejudice and file one all-inclusive section 2255 motion raising all grounds for relief from your conviction within the limitations periods set forth above.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1) The defendant is granted 30 days from the date of this order to inform the court of the decision he has made.  If the defendant fails to so notify the court, the court will rule on the current filing as submitted.

2) If the one-year statute of limitations period would expire during this 30 day period, the limitations period is tolled from the date of this order until the defendant's response is filed, or until 30 days have elapsed, whichever is earliest.  In these circumstances, and if the defendant decides to file an all-inclusive 2255 motion raising all grounds for relief, the defendant's response must also be accompanied by a new 2255 motion.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated:  June 19, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     **:**     **CRIMINAL NO. 1: CR-00-300-03**

                  **:**

          **v.**           **:**

                  **:**

**AHMED WALKER**          **:**

## <u>NOTICE OF ELECTION</u>

       I, Ahmed Walker, movant in the captioned action, have read the order of court which accompanied this form entitled "Notice of Election." Pursuant to that order, I elect to proceed in this action as follows:

**_____**       I have labeled my motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I choose to have the court rule on my motion as filed. I understand that I may be forever barred from presenting in federal court any claim not presented in this motion. I further understand that by doing so I lose my ability to file a second or successive motion absent certification by the court of appeals, and that the potential for relief is further limited in a second or successive motion.

**_____**       I have labeled my motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255. I choose to withdraw my motion so that I may file one, all-inclusive motion under 28 U.S.C. § 2255 within the one-year limit for filing such a motion.

YOUR ELECTION ON THIS FORM, AS WELL AS THE FAILURE TO MAKE AN ELECTION, WILL BE BINDING ON YOU AS RELATES TO YOUR LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY YOU HAVE CHALLENGED. READ CAREFULLY THE ORDER ACCOMPANYING THIS FORM NOTICE OF ELECTION.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
            (Date)                  (Signature of Petitioner)

1