IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:CR-00-300-03 |
| | : |
| **v.** | : |
| | : |
| **AHMED WALKER** | : |

# **M E M O R A N D U M**

## I.   Procedural History

Before the court is Ahmed Walker's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. 592).  The government has filed a response to the motion (Doc. 606) to which Walker has replied (Doc. 607). The matter is ripe for disposition.

The history of this case is extensive.  Both parties have accurately and extensively set forth the procedural history in this case and, consequently, it will not be repeated herein.  The court adopts the procedural history as set forth by both parties.

## II.   Petitioner's Claims

Walker alleges claims of incompetency of trial and appellate counsel in the following areas: (1) counsel failed to address the fact that the government erroneously used the testimony of detective Radwanski to establish drug weights, when this court directed the jury to disregard Radwanski's testimony that had nothing to do with Walker; (2) trial and appellate counsel failed to raise the issue that a conviction on both Count 1 and Count 3 resulted in a multiplicitous sentence; and (3) that the five-year term of supervised release was improper.

### III.     Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the

outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

**IV.     Discussion**

    **A. Testimony of Radwanski**

The trial of this case initially involved four defendants: Ahmed Walker, Christopher Ames, Eric Sanchez and Angel Sanchez. At some point in the trial, the latter three pled guilty which necessitated the court to give the following instruction to the jury: "three of the defendants have been separated from this trial . . . . [T]here was testimony from a Mr. Dechert and Officer Radwanski that must be disregarded by you because it had nothing to do with Mr. Walker." (Trial Transcript at p. 814.) This court and counsel were concerned about the testimony by these two witnesses as it pertained to the involvement of the three co-defendants in the drug conspiracy and its potential spill-over effect on Walker.

    During the trial, witnesses such as Wendy Lehman, Robertito Irizarry, Dennis Little, and others, testified to drug transactions they had with Walker. Radwanski's testimony as to the weight of the drugs in these transactions was proper. This testimony was separate and distinct from the fact testimony given by Radwanski as to the involvement of the other three co-defendants in the drug conspiracy and any prejudicial spill-over of that testimony to the defendant. Thus, the testimony concerning drug weights was separate and apart from the fact

testimony concerning the involvement of the three co-defendants.  This drug weight testimony did not undermine the adversarial process.  *Strickland*, *supra* at 686.

### B.  Double Jeopardy

Defendant claims his convictions for Counts 1 and 3 violate the Double Jeopardy Clause because he received multiple sentences based on the same criminal conduct.  This court adopts the reasoning set forth in the government's response as to this issue (Doc. 606 at pp. 8-11).  This claim is without merit.

### C.  Five Year Term of Supervised Release

Walker's conviction of possessing a firearm in furtherance of drug trafficking classifies him as a Class A felon (*see* 18 U.S.C. § 3559(1)).  Pursuant to USSG § 5D1.2(a)(1), the guideline range for supervised release for a Class A or B felony is "[a]t least two years but not more than five years . . . ."  This claim is without merit.

## V.       Conclusion

For the reasons set forth above, the petition will be denied without hearing.  An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  June 17, 2015.