IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**   :   **CRIMINAL NO. 1:CR-00-300-03**
:
**v.**   :
:
**AHMED WALKER**   :

# M E M O R A N D U M

Before the court is Defendant Ahmed Walker's motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure in which he seeks a reconsideration of this court's June 17, 2015 order denying relief to Walker in his petition filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion will be denied.

A Rule 59(e) motion is a device of limited utility. Such a motion should only be used to correct manifest errors of law or fact or to present newly discovered evidence. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (ed Cir. 2010) (quoting *Max's Seafood Café ex rel. Lori-Ann, Inc. v. Quionteros* 176 F.3d 669 (3d Cir. 1999). " A proper Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*

Walker argues that this court's finding that the testimony of Officer Radwanski concerning drug weights was not in contravention of this court's trial ruling on the preclusion of certain testimony of Radwanski at trial. This is not a new issue. This issue was addressed by the government (Doc. 606) and by this court in its June 17, 2015 memorandum and order (Docs. 610 & 611).

      Walker fails to meet the requirements of a Rule 59(e) grounds for relief. Walker's motion will be denied.

                                                              s/Sylvia H. Rambo
                                                        United States District Judge

Dated: June 29, 2015.